PETER P. WINTERMUTE, Respondent, *v.* JAY COOKE, Impleaded, etc., Appellant.

The complaint in this action alleged, in substance, the making of a contract between plaintiff and defendant S. of the one part and defendant C. of the other, by the terms of which C agreed to pay to plaintiff and S. upon the performance of certain covenants $50,000 in cash and $50,000 in bonds of the N. P. R. Co.; that plaintiff and S. had performed on their part and C. had paid the $50,000 cash, but claimed that he was not liable to pay over the bonds because of non-performance, and had not done so, although the bonds had been demanded of him. Plaintiff asked an accounting and settlement between himself and S. and an adjustment of their rights between each other, and that C. be adjudged to pay the $50,000 in money or in the specified bonds to a receiver, and that he be restrained from paying to S. No claim

for damages, because of non-delivery of the bonds, was set up, nor was there any allegation as to the value of the bonds. An injunction order was obtained restraining C. from making payment to S. or any other person. The court found that plaintiff and S. had performed, but that immediately after performance they each notified C. not to deliver the bonds to the other, each claiming and demanding the whole; for that reason, among others, C. refused to pay or deliver to either. The court settled the rights of plaintiff and S. and directed a money judgment in their favor against C. for the face of the bonds, with interest. *Held,* error; that a delivery of the bonds to a receiver would have met the requirements of the complaint; that a demand and refusal under the circumstances were not sufficient to charge C. with a liability to pay in money instead of bonds; that even if the action had been properly framed for the purpose, and such a demand proved as would have put C. in default, all that could be recovered would be the market-value of the bonds at the time of refusal. To justify a recovery for the nominal value of the bonds the action should have been brought for damages.

*Wintermute* v. *Cooke* (7 Hun, 476), reversed.

(Argued February 21, 1878; decided March 19, 1878.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 7 Hun, 476.)

The complaint in this action alleged, in substance, that plaintiff and defendant Stinson, as parties of the first part, entered into a contract with defendant Cooke, in and by which, upon the performance of certain covenants therein contained, on the part of the parties of the first part, said Cooke agreed to pay the sum of $100,000 — $50,000 in cash and $50,000 in bonds of the Northern Pacific Railroad Company; that said Cooke paid the $50,000 in cash; that the parties of the first part had performed on their part, but said Cooke had not paid the $50,000 in bonds, but had neglected and refused so to do, although the same had been duly demanded; that defendant Stinson had received more than the proportion he was entitled to of the cash payment, and claimed that he was entitled to all of the balance to be paid upon the contract; that said Cooke claimed that he was not liable to pay over the bonds for the alleged reason

that the parties did not perform; that said Stinson was a non-resident and had no property within the State. Plaintiff asked for an accounting and settlement between himself and Stinson, and for an equitable adjustment of their respective rights; for an injunction restraining Stinson from receiving, assigning, or in any way interfering with the fund or bonds to be paid or transferred under the contract, and restraining Cooke from paying the fund or transferring the bonds to Stinson or any other person, or from settling or compromising with him; that Cooke be adjudged to pay said sum of $50,000, or to transfer bonds according to the contract; and that a receiver be appointed to whom Cooke should be required to pay the money or transfer the bonds. A temporary injunction was issued substantially as required by the complaint.

The court found the making of the contract and performance on the part of the parties of the first part. It settled the rights of the parties as between each other, and gave judgment in their favor against defendant Cooke for the $50,000 and interest.

*Thos. H. Hubbard*, for appellant. The court erred in sustaining the ruling which allowed appellant to give testimony that the contract in suit was procured from him, and that he was induced to enter into it by fraud of plaintiff and defendant Stinson and others. (*Hastings* v. *Palmer*, 20 Wend., 225; *Huntington* v. *Conkey*, 33 Barb., 218; *Hubbell* v. *Alden*, 4 Lans., 214, 227; *Fry* v. *Bennett*, 28 N. Y., 324, 329, 330; *Elwell* v. *Chamberlain*, 31 id., 611.) The court erred in holding that judgment was properly rendered against Cooke for money. (Sedgw. on Meas. Dam. [6th ed.], chap. 19, p. 609; *Ingalls* v. *Lord*, 1 Cow., 240; *Decker* v. *Matthews*, 12 N. Y., 313; *Potter* v. *Mer. B'k*, 28 id., 641, 655.) Plaintiff and Stinson had no interest in the charter that they could sell. (*Penob. Boom Co.* v. *Lamson*, 16 Me., 224, 229; *Hughes* v. *Parker*, 19 N. H., 181; Green's Brice's Ultra Vires, 104, note 108; *Wood* v. *Bedf. R. R. Co.*, 8 Phila., 94; A. & A.

on Corp., § 191; *Mid. R. R. Co.* v. *B. and C. R. R. Co.*, 115 Mass., 347.) The incorporators of a corporation have less power before the charter is accepted or the company fully organized than the officers and members afterwards acquire. (*Low* v. *C. and P. R. R. R. Co.*, 45 N. H., 370, 379; *Hall* v. *Vt. and Mass. R. R. Co.*, 28 Vt., 401, 406; *Rock, etc., R. R. Co.* v. *Sage*, 65 Ill., 328.) The contract was void as against public policy. (*Marshall* v. *B. and O. R. R. Co.*, 16 How. [U. S.], 314, 334; Green's Brice's Ultra Vires, 504, note ; *Trist* v. *Child*, 21 Wall., 441, 448.)

*J. McGuire*, for respondents. The appellant having secured to himself the benefit of the contract is estopped from setting up its invalidity. (*Costar* v. *Brush*, 25 Wend., 628; 8 id., 483; *Whitney* v. *Lewis*, 21 id., 131; *Hathaway* v. *Payne*, 34 N. Y., 108; 18 id., 394; 3 Hill, 216; H. & D. by Lalor, 433; 8 Barb., 101; 1 Seld., 395.) In the absence of fraud or imposition it is no defense to an action for the purchase-price of a thing sold that the purchaser does not realize all he expected. (*Holcomb* v. *Stimpson*, 8 Vt., 141; *Un. B'k* v. *Geary*, 3 Pet., 98.) The contract was not void as against public policy. (*Simpson* v. *Ld. Howden*, 1 Kern., 583; 37 Eng. C. L., 237; 10 Kern., 583; *Freeman* v. *Stone*, 43 Barb., 169; *Costar* v. *Brush*, 25 Wend., 628.)

RAPALLO, J. We are of opinion that the judgment in this case for the amount of the face of the bonds in money cannot be sustained. By the terms of the contract the defendant was to pay to the plaintiff and James Stinson $50,000 in cash, and $50,000 in bonds of the Northern Pacific Railroad Company. The cash payment was made, and all that remained due on the contract, assuming that Stinson and Wintermute had performed their part of it, was the $50,000 of bonds. This action was brought by Wintermute alone, Stinson being made a party defendant. It was not brought for the recovery of damages for the non-delivery of the bonds, but was an equitable action

brought by Wintermute for the purpose of obtaining an accounting and settlement between himself and Stinson, and an adjustment of their rights as between each other in respect to the money which had been received of the defendant, and the bonds still to be received under the contract. The relief demanded against the defendant was that he pay $50,000 in money, or transfer bonds, according to the terms of the contract, to a receiver to be appointed, and that he be restrained and enjoined from paying the fund or transferring the bonds or any part thereof to Stinson, or settling with him. The complaint does not set up any claim for damages by reason of the bonds not having been delivered, nor does it contain any allegation as to the value of the bonds. A delivery of the bonds to a receiver would have satisfied the demand set up in the complaint.

An order of injunction also appears to have been granted restraining the defendant Cooke from paying the fund or transferring the bonds to Stinson or any other person.

The judge, before whom the action was tried, finds that the plaintiff and the defendant Stinson performed their part of the contract, but that immediately after such performance they each gave notice to the defendant Cooke not to pay the final installment of $50,000 in bonds to the other, and each claimed and demanded the whole thereof from said Cooke as his own ; and said Cooke refused to pay the same or deliver said bonds to either of them, upon the ground, among others, that the plaintiff and the defendant Stinson each claimed the whole, and each had forbidden the payment to the other.

The result of the reference between the plaintiff and Stinson was to establish that each was entitled to about one-half of the bonds.

The court, instead of adjudging that the defendant Cooke deliver the bonds to the plaintiff and Stinson, or to a receiver as prayed in the complaint, rendered a judgment in their favor against the defendant Cooke for upwards of $60,000 in money, being the face of the bonds with interest.

We think the facts found show this conclusion to be

clearly erroneous. It is true that a demand of the bonds is alleged in the complaint and admitted in the answer, but the proofs and findings show that the demand was made in such a manner that it was impossible to comply with it. Each of the parties demanded that all the bonds should be delivered to him, and forbade that any of them should be delivered to the other. The learned judge remarks, in his opinion, that Cooke having been forbidden by plaintiff and Stinson severally to pay the other could not safely pay to either, and was therefore justified in awaiting an action, and on that ground he refuses to charge him with costs. The same reasoning should have led to the conclusion that a demand and refusal, under such circumstances, were not sufficient to charge the defendant Cooke with a liability to pay in money instead of bonds.

No proof was given as to the value of the bonds, nor was any such question presented by the pleadings. If the action had been properly framed for the purpose, and such a demand proved as to put the defendant Cooke in default, all that could have been recovered of him would have been the damages sustained by his failure to deliver the bonds and those would have been only the market-value of the bonds at the time of the refusal. It is claimed by the respondent that in the absence of proof of value the defendant would be chargeable with their nominal value. But however this may be, to justify such a recovery, the action should have been brought for damages, and a case should have been made out showing that the defendant was liable for the value of the bonds and could not discharge himself by transferring the bonds. As the case stood upon the pleadings and the facts, there was nothing to show that the value of the bonds was a material question, or to call upon the defendant to give evidence concerning it.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur, except MILLER J., not voting.

Judgment reversed.